```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

SHIRLEE CULPEPPER,                    *

      Plaintiff,                  *

vs.                                   *
                                         CASE NO. 4:04-CV-146 (CDL)
JAMES J. BARTLEY, JR.,                *
Individually, in his Capacity
as Executor of the Estate of          *
of James J. Bartley, Sr., and
in his Capacity as Trustee of         *
the Testamentary Marital and
Non-Marital Deduction Trusts;         *
and TERBAR, LLC,
                                       *

      Defendants.                   *

## O R D E R

After consultation with the parties, the Court intends to read the following to the jurors during voir dire as the parties' contentions in this case. The Court will hear any objections regarding the Court's intention prior to the start of the trial on Monday.

### PARTIES' CONTENTIONS

Plaintiff brings this lawsuit as a beneficiary of a trust administered by her brother as trustee. The trust was established by their father, James J. Bartley Sr. ("Bartley Sr."), in his will. The trust involved in this claim is a marital deduction trust which names Defendant James J. Bartley, Jr. ("Bartley Jr.") as trustee and names his mother ("Mrs. Kathleen Bartley") as the primary beneficiary. This marital deduction trust provides that at Mrs. Bartley's death any assets remaining in that trust shall "go over to and become a part of" another separate trust known as a non-marital deduction trust. That non-marital deduction trust also names Defendant

Bartley, Jr., as the trustee. The beneficiaries of that non-marital deduction trust are Mrs. Bartley and her children, including Plaintiff and Defendant Bartley, Jr. Therefore, Plaintiff is a direct beneficiary of this non-marital trust. Since whatever is left over from the marital deduction trust may go into the non-marital trust, Plaintiff contends that she is a remainder beneficiary of the marital deduction trust.

Plaintiff contends that Bartley, Jr., as trustee of the marital deduction trust, breached his fiduciary and trust duties when he engaged in certain transactions that created a conflict of interest and/or breached the terms of the trust.

The first transaction that Plaintiff complains about relates to the purchase in May of 2000 of Heritage Apartments and KaBar Apartments by Defendant TerBar, LLC, a corporation established by Bartley Jr. for the purpose of purchasing and managing the apartments. These apartments had previously been owned by James Bartley Sr. prior to his death. He had sold them to third parties. As part of that sale, those third parties were making payments to the marital deduction trust established for the benefit of Mrs. Kathleen Bartley. These payments provided income to the trust from which Mrs. Bartley benefitted.

In May of 2000, the third parties that had previously purchased the apartments had decided to sell the apartments. Bartley Jr., through TerBar, decided to purchase the apartments. At the time of the purchase, the seller of Heritage Apartments had a note payable to the marital deduction trust arising from the previous sale of those apartments by Bartley Sr. prior to his death. Bartley Jr. in his personal capacity, but while he was trustee of the trust, arranged for the purchase of the Heritage and KaBar Apartments by TerBar with

financing to be provided by a local bank and the assumption by TerBar of the note that was payable to the marital deduction trust.  In other words, instead of the payments being made to the trust by the previous purchasers of the apartments, the payments in the future would be made by the new purchaser, TerBar.  Prior to TerBar's purchase, the trust had a first lien on the apartments to secure the debt owed to the trust by the previous purchasers of the apartments. Plaintiff contends that in order to provide the financing for the TerBar purchase of the apartments, the bank required that it have first lien priority on the assets, which according to Plaintiff resulted in the trust's security position in the apartments being weakened.  According to Plaintiff, Bartley Jr. as the trustee made the decision in his capacity as trustee to have the trust assist in the financing of the apartments in this manner.  As a result, the trust became a creditor of TerBar.  In other words, TerBar now owed the trust money regarding the purchase of the apartments, and the third parties no longer owed the trust any money since they were selling the apartments to TerBAr.  Plaintiff contends that Bartley Jr.'s actions in purchasing the apartments in this manner placed him in a position where his personal interest conflicted directly with his interest as trustee.  Plaintiff claims this constitutes a breach of Bartley Jr.'s duty of undivided loyalty to the trust and its beneficiaries and that he should be required to give back all of the profit from the transaction. Plaintiff further claims that TerBar's purchase of the apartments amounts to appropriation of a trust opportunity and that Bartley Jr. must give back any profit resulting from appropriation of that opportunity.

    Regarding the purchase of the apartments, Defendant Bartley, Jr. denies that he has violated any duty owed to Plaintiff or the other

beneficiaries of the trust. He contends that the bank offered to loan him sufficient funds to pay off the marital trust's note and still buy the apartments, thus leaving only one loan obligation. He further contends that he elected not to do this in order to preserve the note and related income stream to the marital trust and to assist the marital trust in avoiding negative tax consequences associated with paying off the note in a lump sum payment. He further contends that he preserved the note for these reasons even though he is paying a higher interest rate on the note than he would have otherwise paid had he chosen to pay off the note with funds borrowed from the bank.

Bartley Jr. contends that no conflict of interest existed in this transaction because the income stream to the trust has never been placed in jeopardy. He also contends that he has not personally profited from the transaction and that Plaintiff cannot complain about the transaction because she consented to and benefitted from it. Plaintiff denies that she consented to the transaction.

As to Plaintiff's claim that the purchase of the apartments was a trust opportunity that should have been provided to the trust instead of to Bartley, Jr. through TerBar, Bartley Jr. contends that under Georgia law this was not a trust opportunity and he has not profited from the transaction.

The second transaction that Plaintiff complains about occurred in July 2000. Plaintiff claims that Bartley Jr. distributed the marital deduction trust's ownership interest in Point East Apartments to Mrs. Kathleen Bartley, who then conveyed shares in the apartments to her children and grandchildren, including Plaintiff and Bartley, Jr. as well as their children. Plaintiff contends that this transaction was not done to provide for the reasonable benefit and comfort of Mrs. Bartley and was therefore not authorized under the

terms of the trust.  Plaintiff therefore maintains that this transaction constituted a breach of trust.  Plaintiff contends that it should be undone.

Regarding the Point East Apartments claim, Bartley Jr. contends that the transaction was for the benefit and comfort of Mrs. Kathleen Bartley and authorized by the terms of the trust.  Bartley Jr. also contends that Plaintiff cannot complain about the transaction because she consented to and benefitted from it.

IT IS SO ORDERED, this 17th day of March, 2006.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
